IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, *ex rel.* Joel Lynn,<br>Plaintiff/Relator,<br>v.<br>Delta Career Education Corporation,<br>Defendant. | No. CV-15-00719-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the United States of America's Motion to Dismiss pursuant to 31 U.S.C. § 3730(c)(2)(A) and Federal Rule of Civil Procedure 12(b)(6). (Doc. 126.) Plaintiff/Relator Joel Lynn ("Relator") did not file a Response. For the reasons stated herein, the Court refers this matter to the Bankruptcy Court for the Eastern District of Virginia for adjudication.

**BACKGROUND**

Relator filed this *qui tam* action under the False Claims Act ("FCA") for himself and on behalf of the United States to recover damages and civil penalties arising out of false statements and claims made by Defendant pursuant to the Higher Education Act of 1965, Title IV as amended, 20 U.S.C. § 1070 (2000), et seq. ("HEA"). (Doc. 25 at 1-2.) The Government declined to intervene. (Doc. 12.)

Defendant moved to dismiss Relator's complaint arguing that Relator had not pled (1) a violation of the HEA incentive compensation ban; (2) a violation of the misrepresentation provision under the HEA; nor (3) facts showing the essential elements

1  of a FCA claim, including scienter and materiality. (Doc. 39 at 3.) The Court granted
2  Defendant's motion to dismiss Relator's allegation that Defendant knowingly violated state
3  law under the federal FCA, and the Court denied Defendant's motion to dismiss Relator's
4  claims regarding the incentive compensation ban and the substantial misrepresentation ban.
5  (Doc. 60 at 15.)

6        On June 13, 2018, Relator's counsel moved to withdraw as counsel with Relator's
7  consent (Doc. 122 at 1-2), and the Court granted counsel's withdrawal (Doc. 123 at 2).
8  Shortly thereafter, Defendant filed a bankruptcy petition in the Bankruptcy Court for the
9  Eastern District of Virginia ("Bankruptcy Court"). See In re Delta Career Educ. Corp., No.
10 18-33822-KLP (Bankr. E.D. Va. 2018). On July 30, 2018, Defendant filed a Notice of
11 Filing Bankruptcy with the Court asserting that this action be stayed pursuant to 11 U.S.C.
12 § 362. (Doc. 124 at 2.) The Government then filed the instant motion. (Doc. 126.)

13 **DISCUSSION**

14 *I.  Motion to Dismiss*

15       The Government moves to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A)
16 and Federal Rule of Civil Procedure 12(b)(6) asserting that a *pro se* relator is barred from
17 prosecuting a *qui tam* action on behalf of the United States. (Doc. 126 at 1-2.) While it
18 appears that the Motion to Dismiss has merit, the automatic stay prohibits the Court from
19 ruling on the motion.

20       The filing of a bankruptcy petition operates as an automatic stay to the
21 "commencement or continuation" of a judicial proceeding against a debtor. See 11 U.S.C.
22 § 362(a)(1). An action taken in violation of an automatic stay is void. O'Donnell v. Vencor
23 Inc., 466 F.3d 1104, 1110 (9th Cir. 2006) (citation omitted). However, the Ninth Circuit
24 has recognized that a court's post-filing dismissal of an action against a debtor may not be
25 an impermissible continuation of a proceeding where the dismissal is "'consistent with the
26 purpose of the statute [11 U.S.C. § 362(a)].'" Dean v. Trans World Airlines, Inc., 72 F.3d
27 754, 755 (9th Cir. 1995) (quoting Indep. Union of Flight Attendants v. Pan Am. World
28 Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992)). In Dean, the Ninth Circuit clarified that

a "post-filing dismissal in favor of the bankrupt of an action that falls within the purview of the automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case." Id. at 756.

Here, the Government seeks a post-filing dismissal of this action pursuant to § 3730(c)(2)(A) and Rule 12(b)(6). However, the Court finds that dismissal based on either ground would violate the automatic stay.

First, the standard for dismissal pursuant to § 3730(c)(2)(A) requires a court to engage in a "two step analysis" to assess the Government's justification for dismissal. See United States *ex rel.* Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1145-46 (9th Cir. 1998) (stating that the test requires the Government to identify a "'valid government purpose'" and to demonstrate a rational relationship between accomplishment of that purpose and dismissal; then the burden shifts to the relator "'to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal.'" (citation omitted)). The Court finds that this two-step analysis would require the Court to consider issues presented by or related to the underlying case. Thus, dismissal pursuant to § 3730(c)(2)(A) would violate the automatic stay.

Second, a dismissal pursuant to Rule 12(b)(6) operates as a dismissal on the merits. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" (citation omitted)). Thus, dismissal pursuant to Rule 12(b)(6) would violate the automatic stay because it would require the Court to consider the merits of this action.

Therefore, the Court finds that dismissal pursuant to § 3730(c)(2)(A) and Rule 12(b)(6) would violate the automatic stay.

II.   **Referral to Bankruptcy Court**

Defendant's bankruptcy proceeding calls into question whether Defendant's potential debt associated with this action is a nondischargeable debt in the bankruptcy proceeding. The Court finds that this issue constitutes a "core proceeding" under the United States Bankruptcy Code and should therefore be referred to the Bankruptcy Court.

|   |   |
|---|---|
| 1 | Although federal district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b), district courts may refer these proceedings to bankruptcy court. See 28 U.S.C. § 157(a); see also General Order 01-15 (2001) (discussing the District Court of Arizona's General Order referring "all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11" to bankruptcy court). Furthermore, a bankruptcy court may adjudicate "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11…" 28 U.S.C. § 157(b)(1). Section 157 lists "determinations as to the dischargeability of particular debts" as core proceedings. 28 U.S.C. § 157(b)(2)(I). |

Here, this action constitutes a core proceeding because it involves the determination of the dischargeability of Defendant's debt. See 28 U.S.C. § 157(b)(2)(I). Relator brought this action to recover damages from Defendant's alleged false statements and claims made in violation of the FCA. (Doc. 25 at 1-2.) Defendant subsequently filed a petition for bankruptcy which triggered the automatic stay. (Doc. 124.) However, the bankruptcy proceeding calls into question whether debt incurred as a result of this action, which is premised on Defendant's alleged false statements and claims, will be a nondischargeable debt in the bankruptcy proceeding. Determining whether Defendant's debt is dischargeable is a core proceeding properly adjudicated in the Bankruptcy Court. Therefore, the Court finds that this action should be referred to and heard by the Bankruptcy Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court refer this matter to the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, to be considered in conjunction with In re Delta Career Educ. Corp., No. 18-33822-KLP (Bankr. E.D. Va. 2018).

Dated this 20th day of September, 2018.

Honorable Stephen M. McNamee
Senior United States District Judge

- 4 -

**BRIAN D. KARTH**
District Court Executive / Clerk of Court
Sandra Day O'Connor U. S. Courthouse
Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**OFFICE OF THE CLERK**



**MICHAEL S. O'BRIEN**
Chief Deputy Clerk
Evo A. Deconcini U.S. Courthouse
405 W. Congress, Suite 1500
Tucson, Arizona 85701-5010

**DEBRA D. LUCAS**
Chief Deputy Clerk
Sandra Day O'Connor U. S. Courthouse
Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

September 21, 2018

Clerk, Virginia Eastern Bankruptcy Court
Spottswood W Robinson III &
Robert R Merhige Jr US Courthouse
701 E Broad St Ste 4000
Richmond, VA 23219-1888

RE: CV-15-00719-PHX-SMM
    18-3382-KLP in re Delta Career Education Corporation

Dear Clerk:

In connection with the above-case, enclosed are a certified copy of the Order of Referral and a copy of the case docket sheet sent by certified mail.

                              Brian D. Karth
                              District Court Executive/Clerk of Court

                By   s/ D. Draper
                        Deputy Clerk

CC:    Plaintiff/All Counsel

| **BRIAN D. KARTH**<br>District Court Executive / Clerk of Court<br>Sandra Day O'Connor U. S. Courthouse<br>Suite 130<br>401 West Washington Street, SPC 1<br>Phoenix, Arizona 85003-2118 | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF ARIZONA**<br>**OFFICE OF THE CLERK**<br> | **MICHAEL S. O'BRIEN**<br>Chief Deputy Clerk<br>Evo A. Deconcini U.S. Courthouse<br>405 W. Congress, Suite 1500<br>Tucson, Arizona 85701-5010<br><br>**DEBRA D. LUCAS**<br>Chief Deputy Clerk<br>Sandra Day O'Connor U. S. Courthouse<br>Suite 130<br>401 West Washington Street, SPC 1<br>Phoenix, Arizona 85003-2118 |
|---|---|---|

September 21, 2018

Clerk, Virginia Eastern Bankruptcy Court
Spottswood W Robinson III &
Robert R Merhige Jr US Courthouse
701 E Broad St Ste 4000
Richmond, VA 23219-1888

RE: CV-15-00719-PHX-SMM
    18-3382-KLP in re Delta Career Education Corporation

Dear Clerk:

    In connection with the above-case, enclosed are a certified copy of the Order of Referral and a copy of the case docket sheet sent by certified mail.

                                      Brian D. Karth
                                      District Court Executive/Clerk of Court

                   By    s/ D. Draper          *D. Draper*
                            Deputy Clerk

CC:    Plaintiff/All Counsel